UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:25-cr-49-WWB-UAM

18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(2)
18 U.S.C. § 2252A(a)(5)(B)

KASEY JAMES CAUDILL

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Coercion and Enticement of a Minor to Engage in Sexual Activity)

From on or about August 2, 2024, through on or about October 9, 2024, in the

Middle District of Florida, and elsewhere, the defendant,

KASEY JAMES CAUDILL,

using a facility and means of interstate commerce, did knowingly persuade, induce,

entice, and coerce an individual who had not attained the age of 18 years, to engage

in sexual activity for which any person could be charged with a criminal offense,

specifically: the production of child pornography, in violation of 18 U.S.C. § 2251(a).

In violation of 18 U.S.C. § 2422(b).

## COUNT TWO
### (Production of Child Pornography)

From on or about August 11, 2024, through on or about August 12, 2024, in the Middle District of Florida, and elsewhere, the defendant,

### KASEY JAMES CAUDILL,

did employ and use a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. §§ 2251(a) and (e), and § 2.

## COUNT THREE
### (Receipt of Child Pornography)

On or about August 2, 2024, in the Middle District of Florida, and elsewhere, the defendant,

### KASEY JAMES CAUDILL,

did knowingly receive child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

2

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## COUNT FOUR
### (Receipt of Child Pornography)

On or about August 16, 2024, in the Middle District of Florida, and elsewhere, the defendant,

KASEY JAMES CAUDILL,

did knowingly receive child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## COUNT FIVE
### (Receipt of Child Pornography)

On or about September 5, 2024, in the Middle District of Florida, and elsewhere, the defendant,

KASEY JAMES CAUDILL,

did knowingly receive child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## COUNT SIX
### (Possession of Child Pornography)

On or about October 23, 2024, in the Middle District of Florida, and elsewhere, the defendant,

3

KASEY JAMES CAUDILL,

did knowingly possess materials that contained images of child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce, and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## FORFEITURE

1.     The allegations contained in Counts One through Six are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2.     Upon conviction of a violation of 18 U.S.C. §§ 2251(a), 2252A(a)(2), and/or 2252A(a)(5)(B), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a.     Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

b.     any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

4

      c.     any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

3.     Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

      a.     any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

      b.     any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

4.     The property to be forfeited includes, but is not limited to, the following: an iPhone 7 and an iPhone 13, which were seized from the defendant on or about October 23, 2024.

5.     If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████

Foreperson

SARA C. SWEENEY
Acting United States Attorney

By: _____
Kaley Austin-Aronson
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

KASEY JAMES CAUDILL

## INDICTMENT

Violation:

18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(2)
18 U.S.C. § 2252A(a)(5)(B)

A true bill,

_____
        Foreperson

Filed in open court this 19ᵗʰ day of February, 2025.

_____
        Clerk

Bail    $_____

GPO 863 525