UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 6:25-cr-49-WWB-UAM
                                                      18 U.S.C. § 2422(b)

KASEY JAMES CAUDILL

## SUPERSEDING INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Coercion and Enticement of a Minor to Engage in Sexual Activity)

On or about August 2, 2024, in the Middle District of Florida, and elsewhere, the defendant,

KASEY JAMES CAUDILL,

using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, Victim 1, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically: the production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2427.

In violation of 18 U.S.C. § 2422(b).

### COUNT TWO
### (Coercion and Enticement of a Minor to Engage in Sexual Activity)

From on or about August 10, 2024, through on or about August 12, 2024, in the Middle District of Florida, and elsewhere, the defendant,

KASEY JAMES CAUDILL,

using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, Victim 2, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically: the production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2427.

In violation of 18 U.S.C. § 2422(b).

## FORFEITURE

1.     The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2428.

2.     Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

    a.     any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

    b.     any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

3.     The property to be forfeited includes, but is not limited to, the following: an Apple iPhone 13, IMEI: 357774330757385, which was seized from the defendant on or about October 23, 2024.

2

4.     If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third person;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By:  _____
Patrick M. Flanigan
Assistant United States Attorney

By:  _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando

3