AF Approval __*JMH*__          Chief Approval __*CAB*__

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 6:25-cr-49-WWB-UAM

KASEY JAMES CAUDILL

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, KASEY JAMES CAUDILL, and the attorney for the defendant, Aziza Hawthorne, Esq., mutually agree as follows:

**A.   Particularized Terms**

1.   Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Superseding Information. Counts One and Two charge the defendant with Coercion and Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(a).

2.   Minimum and Maximum Penalties

Counts One and Two are punishable by a mandatory minimum term of imprisonment of ten years up to Life, a fine of $250,000, a term of supervised release of not less than five years up to Life, and a special assessment of $100 per felony count. The Court shall order the defendant to make restitution to any victim of the

Defendant's Initials __*KC*__

offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Counts One and Two are:

First:    the Defendant knowingly persuaded, induced, enticed, or coerced the individual named in the Information to engage in sexual activity, as charged;

Second:    the Defendant used a computer or the Internet to do so;

Third:    when the Defendant did these acts, the individual named in the Information was less than 18 years old; and

Fourth:    one or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense.

Defendant's Initials ___/VC___                2

The term "sexual activity for which any person can be charged with a criminal offense" includes the production of child pornography, pursuant to 18 U.S.C. § 2427.

4.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury, and will plead guilty to the charges in the Superseding Information.

5.    Counts Dismissed

At the time of sentencing, Counts One through Six of the Indictment (Doc. No. 1) against the defendant will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.    Mandatory Restitution to Victims of Offenses of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offenses for the full amount of the victims' losses as determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not

Defendant's Initials _KC_                    3

to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _____                    4

9.      Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

10.      Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following:

Apple iPhone 13, which was seized from the defendant on or about October 23, 2024, and was used to commit and to facilitate the commission of the crimes to which the defendant is pleading guilty.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.

Defendant's Initials _KK_                      5

The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8

Defendant's Initials _____        6

will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at

Defendant's Initials _____

7

its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

Defendant's Initials _____        8

11.    Abandonment of Property

The defendant acknowledges that he has an ownership interest in the following item of property that is in the lawful custody of the United States: Apple iPhone 7, seized from the defendant on or about October 23, 2024.

The defendant understands that he has the right and opportunity to claim the listed property. The defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. The defendant waives, releases, and withdraws any claim that the defendant has made with respect to the listed property, and waives and releases any claim that the defendant might otherwise have made to the listed property in the future.

The defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant also consents to the destruction of the property, or other disposition of the property in accordance with law, and without further notice to the defendant.

The defendant waives any right the defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the

Defendant's Initials _____        9

seizure, abandonment, disposition, and destruction of the listed property, including any such claim for attorney's fees and litigation costs.

The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

12.    Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Defendant's Initials _____                    10

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from

Defendant's Initials _____        11

imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

### 3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

### 5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in

Defendant's Initials _____          12

which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court,

Defendant's Initials ___VC___                13

with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _____    14

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that

Defendant's Initials _____        15

defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises,

Defendant's Initials _____        16

agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____ day of July, 2025.

KASEY JAMES CAUDILL
Defendant

Aziza Hawthorne, Esq.
Attorney for Defendant

GREGORY W. KEHOE
United States Attorney

Patrick M. Flanigan
Assistant United States Attorney

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

Defendant's Initials _____                17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO. 6:25-cr-49-WWB-UAM

KASEY JAMES CAUDILL

PERSONALIZATION OF ELEMENTS

**Count One**: Coercion and Enticement of a Minor to Engage in Sexual Activity

First:       Did you knowingly persuade, induce, entice, or coerce Victim 1, who had not yet attained the age of 18 years, to engage in the production of child pornography?

Second:   Did you use a cellular telephone and the Internet to do so?

Third:      Could one or more of the individuals engaged in the production of child pornography have been charged with a criminal offense?

Fourth:   Were you in the Middle District of Florida when you knowingly persuaded, induced, enticed, or coerced Victim 1 to engage in the production of child pornography?

**Count Two**: Coercion and Enticement of a Minor to Engage in Sexual Activity

First:       Did you knowingly persuade, induce, entice, or coerce Victim 2, who had not yet attained the age of 18 years, to engage in the production of child pornography?

Second:   Did you use a cellular telephone and the Internet to do so?

Third:      Could one or more of the individuals engaged in the production of child pornography have been charged with a criminal offense?

Fourth:   Were you in the Middle District of Florida when you knowingly persuaded, induced, enticed, or coerced Victim 1 to engage in the production of child pornography?

Defendant's Initials                    18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 6:25-cr-49-WWB-UAM

KASEY JAMES CAUDILL

FACTUAL BASIS

On September 16, 2024, the Brevard County Sheriff's Office (BCSO) received a CyberTip regarding materials involving the sexual exploitation of a minor (CSAM). Investigative techniques used because of the CyberTip revealed the IP address associated with the tip belonged to the defendant's mother. Further investigation revealed the defendant resided at his mother's residence. The WiFi associated with the residence was secured. The defendant was on sex offender probation with the Florida Department of Corrections at the time because of 2021 Florida convictions for Aggravated Assault.

BCSO deputies obtained and executed a search warrant for the residence on October 23, 2024. During the execution of the search warrant, law enforcement officers seized an iPhone 13, an iPhone 7, and other electronic storage devices. The iPhone 13 and the iPhone 7 belonged to the defendant. Data extractions were performed on both phones, revealing that the defendant used the iPhone 13 to commit and facilitate the commission of the offenses charged in Counts One and Two of the Superseding Information, as further explained below.

Defendant's Initials _____            19

**Telegram Communications involving the Defendant**

Telegram is a free, cloud-based, cross-platform messaging application (app) that allows users to send messages, make voice and video calls, share files, and create groups and channels. It is known for its focus on privacy and security, with features like end-to-end encryption for "Secret Chats" and the ability to set messages to self-destruct. The defendant's iPhone 13 had the Telegram app installed. The defendant's Telegram history contained numerous messages between the defendant and an individual calling herself "Cindy" between August 2, 2024 and October 22, 2024.

Contained within the defendant's chat messages were screenshots of PayPal receipts, which showed the defendant sent money to Cindy in exchange for CSAM. Further investigation proved the defendant sent money to Cindy in return for her production of CSAM involving Victim 1 and Victim 2. Victim 1 was 7 years of age, and Victim 2 was 12 years of age at the time charged in the Superseding Information. The following chats took place over Telegram and were located on the defendant's iPhone 13.

**August 2, 2024 – Defendant's initial contact with Cindy and receipt of CSAM**

On August 2, 2024, the defendant had the following chat with Cindy about purchasing photos and videos of Victim 1 and Victim 2:

Cindy:      I'm from the other app

Defendant:  Hey! I'm glad you found me!

Cindy:      yeah

Defendant:  What's the price for 5 photos of her?

Defendant's Initials _____        20

Cindy:      you have PayPal?

Cindy:      30$ for 5 pics

Cindy:      different positions

Defendant:  Deal.

Cindy:      okay

Cindy:      I'll take a pic now

Defendant:  Ok baby.

Cindy:      if i receive I'll send it immediately

Cindy:      cindymasarate7@gmail.com

Cindy:      that's my paypal

Defendant:  Done.

[Defendant sent an attachment of a PayPal payment screenshot with this message.]

Defendant:  I can't wait to see her.

[Cindy sent Defendant five nude images of Victim 1, at least three of which showed Victim 1's vagina.]

Cindy:      i hope you like it

Defendant:  Fuck, I love her!

Defendant:  Thank you so much for not scamming me and being legitimate. Can she make me a video of her sucking and licking on her feet and toes while she's completely naked?

Cindy:      okay, but that's another amount baby

Defendant:  How much?

Cindy:      for how many minutes you like?

Defendant's Initials _____        21

Defendant:    3 minutes baby. I would like to see her doing that and playing with her self too. If that's ok.

Defendant:    If not, I'll just settle for the feet.

Cindy:    i think she can't do it

Cindy:    the 12 can do it

Defendant:    She can't even do the feet part of the video? If she can't do it I'll settle for 5 photos of the 12 for now baby.

Cindy:    what kind of photos

Defendant:    Nude in different positions

Cindy:    okay

…

[Cindy sent Defendant 5 CSAM images of Victim 2.]

Defendant:    Fuck she's so sexy!!

Defendant:    Will you send me 5 more of the younger one for the other $30 I sent?

Cindy:    sure

Defendant:    Thank you baby.

Cindy:    $30 more?

Defendant:    I already sent $30. I was hoping you could send me 5 more for that same amount. [Defendant included a PayPal payment screenshot.]

Cindy:    wait for minutes okay

Defendant:    Take your time baby.

[Cindy sent Defendant 5 CSAM images of Victim 1.]

Defendant:    Thank you so much!

Defendant's Initials _____        22

Defendant:  You will definitely receive more business from me in the future.

### August 10 – 12, 2024 – Specific requests and receipt of videos

On August 10, 2024, the defendant requested Cindy have Victim 1 and Victim 2 perform specific acts. The Defendant asked for a video of Victim 1 "playing" with herself while nude. The Defendant also lamented that Victim 1 was unable to film a video of her sucking on her own toes and licking her feet. The Defendant agreed to purchase a video of Victim 2 after Cindy messaged that Victim 2 could perform the requested acts on her feet. Upon receiving a message stating the price of the requested videos, the Defendant told Cindy he would contact her again when he could pay.

On August 11, 2024, the Defendant sent Cindy a screenshot of a PayPal payment and requested that Cindy send him the video of Victim 1 he had requested on August 10, 2024. Cindy asked the Defendant to allow her time to get home before sending it and offered to make the requested video of Victim 2 at the same time. The Defendant thanked Cindy and told her he would buy the Victim 2 video within the next two weeks.

Hours later, the Defendant messaged Cindy because he had not received the requested video. The Defendant was informed the delay was because Victim 2 was on her period. The Defendant responded, "If she's ok with making the video on her period, I would love that."

Defendant's Initials _____        23

At approximately 1:20 a.m. on August 12, 2024, the Defendant received two CSAM video files of Victim 2, one of which depicted digital sexual contact with Victim 2's vagina. The Defendant acknowledged receipt of the videos with the statements, "Shes [sic] so sexy" and "I love it baby!!"

### August 22 - 29, 2024 – Video call

Beginning on August 22, 2024 and continuing through August 29, 2024, the Defendant asked to have a video call with Cindy's daughter, described as "the young girl." The Defendant asked what the daughter would do for him on the video call and was told "just let me know what you like her to do and i [sic] will tell her." The Defendant answered, "I want to watch her play with herself. I want to watch from the front and the back." The Defendant paid Cindy and sent her a picture of an erect penis.

After a video call of approximately five and a half minutes, the Defendant messaged Cindy, "Thank you baby! She is amazing and so sexy!!"

### September 5 – 10 images of Victim 1 sent to the Defendant

On September 2, 2024, Cindy messaged the Defendant, stating "just wondering if you like to play with her again". The Defendant declined, but stated he wanted to buy the photos of Victim 1 with her face. He stated that he hoped Cindy had not deleted the images, and said he would send money as soon as he could.

On September 4, 2024, the Defendant sent Cindy money and a PayPal screenshot as confirmation. On September 5, 2024, Cindy sent the Defendant ten CSAM images of Victim 1, including digital sexual contact with Victim 1's vagina.

Defendant's Initials _____                    24

The images also included one in which Victim 1 attempted to place her foot inside her mouth.

The Defendant's response to the images was, "Oh my God, she's so sexy!!!! Thank you so much!!!"

### October 9, 2024 – Two videos of Victim 2 received

On October 9, 2024, Cindy asked the Defendant "Would you like to play with my elder daughter?" The Defendant responded, "I would love to buy content and play with her." The Defendant asked how much it would cost for a three-minute video of Victim 2 naked and sucking on her toes. After being told the price was fifty dollars, the Defendant paid Cindy. He received a three-minutes-long CSAM video showing Victim 2. During the video, Victim 2 made digital sexual contact with her vagina, but her face was covered by an emoji style object.

The Defendant asked why Victim 2's face was covered and asked for the video with Victim 2's face uncovered. Shortly thereafter he received the same video without the emoji styled object obscuring Victim 2's face. The Defendant acknowledged receipt of the second video with the message, "Oh fuck, I love it!!!!"

### Additional CSAM in the Defendant's possession

The Defendant's phones and Telegram chats contained thousands of images and numerous videos depicting CSAM, including CSAM of females as young as three years old. The ages of the females depicted ranged from approximately three years old up to twelve. The videos and images depicted bondage, and oral, anal, and

Defendant's Initials _____                    25

vaginal penetration of the minors, and depicted sadistic and masochistic sexual abuse of minors.

All of the Defendant's acts occurred within the Middle District of Florida.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Defendant's Initials _____        26