UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:25-cr-49-AGM-NWH

KASEY JAMES CAUDILL

### UNITED STATES' SENTENCING MEMORANDUM

The United States files this sentencing memorandum requesting a sentence within the applicable Guidelines range and requests that this Court sentence defendant Kasey James Caudill (Caudill) to life imprisonment and no contact with the victims.

## I.    Background

### a.  Offense Conduct

Caudill is a 29-year-old man, residing in Melbourne, who paid an underprivileged woman from the Philippines, known as "Cindy", on Telegram to produce child sexual abuse material (CSAM) of her minor children between August 2, 2024, and October 22, 2024. There are two minor victims in this case. Minor Victim 1 was 7 years old at the time and Minor Victim 2 was 12 years old at the time. Embedded within these messages were screenshots of pay pal receipts which showed Caudill sending money to "Cindy" in exchange for CSAM of Minor Victim 1 and Minor Victim 2.

1

Numerous times over this almost three-month period Caudill would send "Cindy" money over pay pal for various CSAM images and videos of Minor Victim 1 and Minor Victim 2. Caudill would also pay "Cindy" for video calls with Minor Victim 1 and Minor Victim 2 where he would tell "Cindy" what sex act he wanted to the minor victims to do.

### b. Procedural History

On February 19, 2025, a federal grand jury indicted Caudill in a six-count indictment, charging him with enticement to meet a minor in violation of 18 U.S.C. § 2422(b), production of child pornography in violation of 18 U.S.C. § 2251(a), three counts of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 1). The court granted the government's request for detention of Caudill pending trial. (Doc. 14).

On July 29, 2025, the government filed a two-count Superseding Information charging two counts of enticement to meet a minor in violation of 18 U.S.C. § 2242(b).

On August 7, 2025, Caudill was adjudicated guilty of both counts pursuant to a plea agreement. (Doc. 54). Caudill's sentencing is scheduled for February 24, 2026. (Doc. 60).

### II.    Presentence Investigation Report

On November 12, 2025, probation issued its Initial Presentence Investigation

Report ("PSR") as to the defendant. (Doc. 59). Pursuant to the PSR, Caudill's applicable Guideline for the underlying offense is lifetime imprisonment; he is a criminal history category II; and the applicable period of supervised release is five years up to life. PSR at ¶ 99.

### III.    Argument for the Guideline Sentence of Life in Prison

The facts of this case and the defendant's conduct are egregious and demand a serious sentence. This is necessary due to the nature and circumstances of the offense, to promote respect for the law, provide just punishment for the offense, afford adequate deterrence of these crimes, and for the protection of the public against the defendant. *See* 18 U.S.C. § 3553(a). The United States recognizes that a sentencing court may not presume that a sentence within the advisory guideline range is reasonable; however, the Guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just

punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). A consideration of these factors warrants a high-end guidelines sentence.

### A. Nature and Circumstances of the Offense

Caudill sexually violated and took advantage of two impoverished children ages 7 and 12. He did this by paying their mother, "Cindy", via pay pal to produce and send sexually explicit photos and videos. He would engage in video chats with the minor children that involved performing specific sexual acts for his sexual gratificaton.

The messages between Caudill and "Cindy" demonstrate the defendant's callous attitude towards the minor victims. Caudill was fully aware that both Minor Victim 1 and Minor Victim 2 were children. Armed with this knowledge, Caudill still pursued and expressed his interest in specific sexually explicit content he wanted these children to create for his sexual gratification.

After executing a search warrant on Caudill's residence, agents discovered messages, videos, payment receipts, and video calls between Caudill and "Cindy" on the application Telegram.

On August 10, 2024, Caudill requested that Minor Victim 1 and Minor Victim 2 perform specific sex acts. Caudill requested a video of Minor Victim 1 "playing"

4

with herself while nude and sucking her toes. When he was told Minor Victim 1 was unable to do that, but Minor Victim 2 could he requested a video of Minor Victim 2 "playing" with herself while nude and sucking her toes.  When he did not receive the videos after sending the money he followed up with Cindy who told him that Minor Victim 2 was unable to film the video because she was on her period. Caudill then requested a video of Minor Victim 2 performing the same sex act described above while on her period.

From August 22, 2024, until August 29, 2024, Caudill asked to have a video call with Cindy's daughter who he described as "the young girl". We don't know what occurred during that video call, but we do know that when Caudill asked what the Minor Victim would do for him on the call he was told "just let me know what you like her to do and I [sic] will tell her." Caudill replied "I want to watch her play with herself. I want to watch from the front and the back." The video call was approximately five and half minutes and afterward Caudill said "Thank you baby! She is amazing and so sexy."

On October 9, 2024, Cindy asked the Defendant "Would you like to play with my elder daughter?" The Defendant responded, "I would love to buy content and play with her." The Defendant asked how much it would cost for a three-minute video of Victim 2 naked and sucking on her toes. After being told the price was fifty dollars, the Defendant paid Cindy. He received a three-minute-long CSAM video

5

showing Victim 2. During the video, Victim 2 made digital sexual contact with her vagina, but her face was covered by an emoji style object.

It wasn't enough that the Caudill received the videos of the Minor Victims completing the acts he wanted them to do he wanted to be about to see their faces as well. As evidence by the fact that the Defendant asked why Victim 2's face was covered and asked for the video with Victim 2's face uncovered. Shortly thereafter he received the same video without the emoji styled object obscuring Victim 2's face. The Defendant acknowledged receipt of the second video with the message, "Oh fuck, I love it!!!!"

The evidence in this case shows that he is a dangerous predator, willing and ready to exploit the most vulnerable children. This dangerous behavior requires a significant sentence in prison.

### B.  History and Characteristics of the Defendant

Caudill's history and characteristics also weigh in favor of a high-end guidelines sentence. Caudill was on Florida state sex offender probation while the instant case was occurring. On August 23, 2021, Caudill was given a sweetheart deal and plead to three counts of aggravated assault in violation of Florida Statute § 784.021(1)(b). Based on the complaint and the underlying facts of the state case he should have been charged with possession of child pornography. He should have been labeled a sex offender. He should have been a convicted felon. But none of those things happened. Instead, his

6

adjudication on those offenses were withheld meaning he was not a convicted felon. He was charged and plead to non sex offenses which means he was not labeled a sex offender. He was given ten years of probation and sex offender probation conditions.

The underlying facts of that original case originate from Cypertips. A search warrant was executed at his home in Melbourne, and his devices were seized. Originally, he stated that he did not have knowledge of the accounts in the Cybertips, he then stated that "they are all gone." He went on to state that he was done with it, he was just curious and its disgusting. He further stated that he successfully stopped, and he doesn't have the curiosity anymore. Caudill stated that the youngest image that he viewed was that of a 12-year-old. Oddly, he states that he does view the children in those CSAM images and videos as victims. He made a point during that investigation to state that "Absolutely, nobody should have to deal with that. You know they're not old enough to consent. They're not old enough to know anything about this stuff. It's disgusting and the people who do it are monsters…" The images and videos found on Caudill's device back in January 2020 depicted children ranging from infants up to teenagers and depict penetration and bondage. Some of the images found on his device are described below:

1. ".thumbdata4- - 1967290299_embedded_3429.jpg"- An image of a white female child approximately two years old. The child is completely nude lying on the floor, with her legs spread apart and an adult male's hand is on the child's stomach and the adult male's erect penis is on the child's leg.

7

2. ".thumbdata4- - 1967290299_embedded_35.jpg"- An image of a white female child approximately two to three years old, with her both her mouth and hands on an adult male's erect penis.

3. ".thumbdata4- - 1967290299_embedded_2999.jpg"- An image of a white female child approximately less than two years old. The child is wearing a white top and is nude from the waist down. The child's legs are spread apart, and her hands are on either side of her vagina. There is an adult male penis penetrating the child's anus.

Caudill has escalated, he went from possessing and view child sexual abuse material, to producing it. While on sex offender probation he was able to get a cellphone, download applications like Telegram, communicate with a woman from an impoverished country, and get her two minor children to engage in sex acts for his sexual gratification.

The gravity of Caudill's crimes against children cannot be minimized by his history. Caudill's characteristics show that he acted as if there were no consequences to exploiting these children. He continued and escalated his endeavors. These are characteristics that require serious intervention to protect the community. A sentence of life imprisonment is necessary to recognize the victims harmed by Caudill's conduct, to restore public confidence, and respect for our laws, and to address Caudill's exploitive behavior and blatant disregard of the law.

### C. Need to Protect the Public from Further Crimes of the Defendant

A term of life in prison is the only deterrence option left that will convey that such behavior is unacceptable and will be adjudicated harshly within the Eleventh

8

Circuit. Accordingly, there is a strong need to impose a severe sentence that will serve as a warning to Caudill and individuals considering similar conduct.

There is a strong need to protect the public from further crimes by the defendant. Caudill demonstrated escalating dangerous behavior. This predatory conduct poses a grave danger to society. Children all over the world are easier to access because of the internet, Caudill is an example of what happens when bad actors with resources are willing and able to take advantage of impoverished, vulnerable children.

A term of life imprisonment is reasonable and necessary to protect the public from someone who chooses to use his wealth to commit crimes against poor, foreign children.

### D. Conclusion

Caudill is a predator. His sentence should fairly account for his predatory and abusive nature, the scope of his criminal endeavors, acknowledge the harm that he has caused to the victims, and acknowledge the ramifications of his actions. Caudill's freedom and autonomy are incompatible with the safety of children in our community. For the aforementioned reasons, the United States respectfully requests that this Court issue life imprisonment sentence.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Kaley Austin-Aronson*
Kaley Austin-Aronson
Assistant United States Attorney
Florida Bar No. 104705
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:       kaley.austin-aronson@usdoj.gov

10

**U.S. v. KASEY JAMES CAUDILL   Case No. 6:25-cr-49-AGM-NWH**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 11, 2026, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which

will send a notice of electronic filing to the following:

Aziza Hawthorne, Esq.

*/s/ Kaley Austin-Aronson*
Kaley Austin-Aronson
Assistant United States Attorney
Florida Bar No. 104705
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:        kaley.austin-
aronson@usdoj.gov
